## James Lee *vs.* Jeremiah Kane & wife.

Under the *St.* of 1852, *c.* 312, a declaration in slander must set forth substantially the words spoken.

If the court fix the time for filing an answer, the defendant may insert a demurrer in an answer filed within the prescribed time.

Action of tort for slander, commenced before a justice of the peace.   The declaration was thus : " And the plaintiff says the said Mary Kane, the female defendant, on the twenty-ninth day of June 1855 publicly, falsely and maliciously charged the plaintiff with the crime of murder, by words spoken of the plaintiff by the said female defendant."

The defendants, not appearing, were defaulted by the justice, and appealed to the court of common pleas; and, not having previously pleaded, were ordered by that court, on the second day of the third term, to file their answer by the next morning; and then filed an answer containing a demurrer, one cause assigned for which was, that the declaration did not set forth the words or the substance of the words spoken by the defendants, or either of them, so as to constitute a legal cause of action. *Mellen*, C. J. overruled the demurrer; and submitted the case, upon the issues of fact raised by the answer, to a jury, who returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. W. Wetherell*, for the defendants.

*H. Williams*, for the plaintiff.

The rules of the court of common pleas, relied on by the plaintiff, are copied in the margin.*

MERRICK, J. In actions of tort for slander, it is necessary to set forth substantially the words spoken of the plaintiff, by which the defamatory accusations of which he complains were made. Formerly it was otherwise. *Whiting* v. *Smith*, 13 Pick. 364. *Clark* v. *Munsell*, 6 Met. 373. But such a statement is now made by the provisions of the practice act an indispensable allegation. This is apparent from the phraseology of the prescribed form, and also from the note by which it is accompanied. The former shows that a statement of the words substantially as they were spoken is to be inserted in it. And the latter re-

---

* XVI. All answers in demurrer to declarations shall be filed at the return term of the writ, and, if the court shall sit so long, within the first thirty days of said term, unless further time be allowed by the court.

XIX. No new pleadings shall be required in appeal cases in which an issue was joined in the court below, unless, upon motion, the court shall order them to be filed; and the court will in all cases, upon motion, order such allegations and answers to be made by either party as shall be necessary to a clear understanding of the case and trial of the issue.

Where no issue was joined in the court below, if the defendant appeal, he shall file an answer at the time of entering his appeal, unless the court shall, for cause shown, extend the time for filing it.

quires that if the natural import of the words spoken is not otherwise intelligible, they shall be made intelligible to the court and jury by a concise and clear explanation, and by reference to such facts as may be necessary for that purpose. The declaration in this case is in this particular fatally defective; and as it fails thereby to state a legal cause of action substantially in accordance with the rules contained in the practice act, a demurrer is the proper way to take advantage of its insufficiency. *St.* 1852, *c.* 312, §§ 21, 84.

And, notwithstanding the objection of the plaintiff, we think the demurrer was interposed in such season as to entitle the defendant to avail himself of it. The order of the court, requiring the answer to be filed within a prescribed period of time, contained no qualification or restriction as to the matters, whether of law or fact, which were to be set forth in it. Complying therefore with the order in all other respects, the defendant had a right to insist upon any defence which would legally avoid the action. The sixteenth rule of the court of common pleas, which has been referred to, is strictly, and by a literal interpretation of its terms, applicable to actions originally commenced in that court. But if, by a liberal construction, it should be held to embrace also actions carried there by appeal from judgments of justices of the peace, the defendant was not in this case precluded by it from filing his demurrer; for the unrestricted order of the court concerning the answer to be made was equivalent to giving, and in fact substantially did give him, further time for that purpose. *Demurrer sustained.*

The court, on motion, allowed the plaintiff to amend his declaration, on the terms of recovering no costs to the time of amendment.